IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

THOMAS-MARTIN HAPPLE, :
:
    Plaintiff, :
:
v. : Civil Action No. 22-1612-RGA
:
MICHAEL SWEENEY, et al., :
:
    Defendants. :

---

Thomas-Martin Happle, Millsboro, Delaware.   Pro Se Plaintiff.

Emily A. Letcher, Esq. and Patricia L. Enerio, Esq., Heyman Enerio Gattuso & Hirzel LLP, Wilmington, Delaware.   Counsel for Defendants

**MEMORANDUM OPINION**

March 13, 2024
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Michael Sweeney, proceeding *pro se*, filed this action arising from a traffic stop in New Jersey. (D.I. 1). Before the Court is Defendants' motion to dismiss for lack of personal jurisdiction. (D.I. 15). The motion is fully briefed. (D.I. 16, 19, 20, 22).

## I.  BACKGROUND

Plaintiff alleges that while his son was driving Plaintiff's car in New Jersey, his son was pulled over by a Defendant police officer. Plaintiff's son was "kidnapped," and his car was stolen as part of a conspiracy enacted by the remaining Defendants. Plaintiff is a Delaware resident, and his son is a New Jersey resident. Plaintiff seeks $7 million in damages.

Defendants filed a motion to dismiss, arguing that this Court lacks personal jurisdiction over them. (D.I. 15).[1] In an answering brief and sur-reply, Plaintiff made broad overtures to our federal system of government uniting the states, claimed to have no "contracts" with New Jersey, reasoned that he could bring this case in Delaware because he is a Delaware resident, and asserted that he cannot receive a fair trial in New Jersey. (D.I. 19, 22).

## II.  LEGAL STANDARD

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a

---

[1] Defendants also argue that Plaintiff lacks standing to bring any potential claims on behalf of his son. As explained below, Plaintiff has failed to meet his burden of showing personal jurisdiction. Accordingly, the Court need not reach this issue.

1

defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendant's] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.*

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have

2

continuous or systematic contacts with the forum state.  See *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

## III. DISCUSSION

This case centers around the June 23, 2022 traffic stop and temporary detention of a New Jersey resident who was driving in Wayne, New Jersey.  Defendants have challenged this Court's personal jurisdiction over them.  Neither Plaintiff's complaint nor his briefing in response to Defendants' motion to dismiss have alleged a cognizable basis for this Court to exercise personal jurisdiction, let alone shown the same by affidavits or other competent evidence.  See *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).  Accordingly, Plaintiff has failed to meet his burden of showing personal jurisdiction in this Court over Defendants and this case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, I will grant Defendants' motion to dismiss.

A separate order shall issue.